IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN J. O'CONNOR | * | |
| | * | |
| v. | * | Civil No. JFM-06-704 |
| | * | |
| MAYOR AND CITY COUNCIL | * | |
| OF BALTIMORE | * | |
| | * | |
| | ***** | |

MEMORANDUM

John J. O'Connor ("O'Connor") filed this action against the Mayor and City Council of Baltimore ("the City") pursuant to the private enforcement provision of the Medicare Secondary Payer ("MSP") statute, 42 U.S.C. § 1395y(b)(3)(A). Now pending before me is the City's motion to dismiss. For the reasons that follow, the motion is denied.

I.

Over the course of his thirty-year career with the Baltimore City Fire Department, O'Connor often worked near products containing asbestos. (Compl. ¶ 4; Letter from Dr. Steven M. Zimmet to Peter T. Nicholl (Aug. 10, 2004), Ex. to Compl.) He asserts that this exposure to asbestos caused his pleural malignant mesothelioma, which was diagnosed in January 2004. (Compl. ¶ 4.) Since then, O'Connor has incurred significant medical expenses, paid by Medicare, in treating his disease. (*Id.* ¶ 5.)

The Maryland Workers' Compensation Commission found in August 2004 that O'Connor's mesothelioma resulted from his employment and therefore ordered the City, which is self-insured, to pay all of his related medical bills. (*Id.* ¶¶ 3-4; Compensation Award, Ex. to Compl.) Despite this order, the City has allegedly failed to fulfill its obligation, and as a result,

as stated above, Medicare has paid the costs attributable to O'Connor's condition. (Compl. ¶¶ 5-6, 8.) In the current action brought pursuant to the MSP statute, O'Connor attempts to recoup these medical expenses by seeking damages from the City amounting to twice the proceeds expended on his behalf by Medicare. (*Id.* ¶ 17.)

II.

Medicare serves as a federal health insurance program benefitting the disabled and persons over the age of sixty-five. The MSP statute, enacted in the 1980s, "'reduce[s] Medicare costs by making the government a secondary provider of medical insurance coverage when a Medicare recipient has other sources of primary coverage.'" *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 484 F. Supp. 2d 973, 978 (D. Minn. 2007) (quoting *Thompson v. Goetzmann*, 337 F.3d 489, 495 (5th Cir. 2003)). Under the statute, a Medicare payment "may not be made . . . with respect to any item or service to the extent that payment has been made or can reasonably be expected to be made" by a primary payer. 42 U.S.C. § 1395y(b)(2)(A). Self-insured entities, such as the City, are deemed primary payers. *Id.* § 1395y(b)(2)(A)(ii).

The MSP statute permits Medicare to render conditional payments for medical expenses, with the expectation that the primary payer will later reimburse Medicare if responsible for the cost. *Id.* § 1395y(b)(2)(B). Two causes of action contained in the MSP statute aid in the enforcement of this repayment provision. First, the government itself may sue primary payers to obtain money belonging to Medicare. *Id.* § 1395y(b)(2)(B)(iii). Second, private citizens may collect double damages by bringing claims against primary payers to recover money owed. *Id.* § 1395y(b)(3)(A). It is under this latter provision that O'Connor asserts the instant suit.

In its motion to dismiss, the City contends that O'Connor lacks standing, thereby

depriving this Court of subject matter jurisdiction.[1]  For O'Connor to satisfy the standing requirement imposed by Article III of the Constitution, he must show: (1) an injury in fact; (2) a causal connection between his injury and the City's conduct; and (3) that his injury will likely be redressed by a decision in his favor.  *See White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 458 (4th Cir. 2005) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  The City maintains that O'Connor cannot demonstrate the first of these three prongs.

I find, however, that O'Connor has alleged an injury in fact.  In particular, the Complaint avers that the MSP statute renders the City responsible as a primary payer for O'Connor's medical expenses and that its refusal to fulfill this obligation has forced Medicare to make all mesothelioma-related payments on O'Connor's behalf.  (Compl. ¶¶ 5-6, 8, 11-15.)  These general allegations of injury suffice at this early stage of the litigation.  *See White Tail Park*, 413 F.3d at 459 (citing *Lujan*, 504 U.S. at 561).  Moreover, the MSP statute's citizen suit provision exists to redress exactly this type of injury.  *See Manning v. Utils. Mut. Ins. Co.*, 254 F.3d 387, 394 (2d Cir. 2001) ("The MSP creates a private right of action for individuals whose medical bills are improperly denied by insurers and instead paid by Medicare . . . .").  Consequently, O'Connor has standing to pursue his claims.

Of course, as the City observes, the MSP statute does not provide for a *qui tam* cause of action.  However, in this case, rather than assert a *qui tam* claim, O'Connor instead sues on his

---

[1] Although the City's motion invokes Rules 12(b)(1) and 12(b)(6), its memorandum only addresses O'Connor's standing.  I will therefore focus on that issue alone.  Were I to consider the City's Rule 12(b)(6) challenge, however, I would likely find it unavailing in light of the fact that the Complaint alleges each of the elements required to state a claim under the MSP statute's private enforcement provision.  *See Glover v. Philip Morris USA*, 380 F. Supp. 2d 1279, 1290 (M.D. Fla. 2005) (identifying the elements of the private cause of action).

own behalf as a Medicare beneficiary. Thus, the decisions upon which the City relies are inapposite. *See, e.g.*, *Stalley v. Genesis Healthcare Corp.*, Civil No. 06-2492, 2007 WL 781907, at *1-2 (E.D. Pa. Mar. 12, 2007) (finding no standing where the plaintiff, who did not allege an injury to himself, filed his action on behalf of the United States and various "injured Medicare recipients"). Although O'Connor avers at the outset of the Complaint that he seeks recovery as a "private attorney general," the balance of his allegations, as outlined above, clearly set forth a cause of action aimed at remedying his own injuries.

Accordingly, the City's motion to dismiss is hereby denied. A separate order follows herewith.

Date: July 19, 2007                     /s/
                                        J. Frederick Motz
                                        United States District Judge